**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Muriel McGuire, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   16 C 6832 |
| | ) | |
| Crown Asset Management, LLC, a | ) | |
| Georgia limited liability company, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Muriel McGuire, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Muriel McGuire ("McGuire"), is a citizen of the State of Maryland, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Comenity Bank/HSN credit card account, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Crown Asset Management, LLC ("Crown"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Crown operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Crown was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant Crown is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6.     Defendant Crown is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant Crown conducts business in Illinois.

7.     Moreover, Defendant Crown is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Crown acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8.     Ms. McGuire is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Comenity Bank/HSN account.  At some point in time after that debt became delinquent, Defendant Crown allegedly bought Ms. McGuire's Comenity/HSN debt, and when Defendant began trying to collect this debt from her, she sought the assistance of legal aid

2

attorneys at the Chicago Legal Clinic's LASPD program regarding Defendant's collection actions.

9.      Specifically, Defendant Crown had another debt collector, Commercial Services Group. ("Commercial"), demand payment of the Comenity/HSN debt from Ms. McGuire by calling her attorneys at LASPD on January 15, 2015.

10.     Accordingly, on January 28, 2015, one of Ms. McGuire's legal aid attorneys at LASPD confirmed to Defendant Crown, through its agent Commercial, that Ms. McGuire was represented by counsel, and directed Defendant Crown to cease contacting her, and to cease all further collection activities because Ms. McGuire was forced, by her financial circumstances, to refuse to pay her unsecured debt.  A copy of this letter is attached as Exhibit C.

11.     Moreover, on February 26, 2015, LASPD called Defendant Crown's collection agent, Commercial, to confirm receipt of the January 28, 2016, facsimile notice.

12.     Nonetheless, Defendant Crown then had one of its attorneys, Mitchell Rubenstein & Associates, send Ms. McGuire, in care of her attorneys at LASPD, a collection letter, dated February 22, 2016.  A copy of this letter is attached as Exhibit D.

13.     Moreover, Crown then had its attorneys send a collection letter, dated March 31, 2016, directly to Ms. McGuire, demanding payment of the Comenity/HSN debt.  A copy of this letter is  attached as Exhibit E.

14.     Accordingly, on May 12, 2016, Ms. McGuire's LASPD attorney had to send Defendant Crown yet another letter, in care of Crown's attorneys, directing it to cease communications and to cease collections.  A copy of this letter is attached as

3

Exhibit F.

15.     Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand the collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

16.     Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was required to pay the debt at issue, which caused stress and confusion.

17.     Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

18.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692c(c) Of The FDCPA --
Failure To Cease Communications And Cease Collections**

19.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

20.     Here, the letter from Ms. McGuire's agent/attorney, LASPD, told Defendant Crown to cease communications and cease collections (Exhibit C).  By

continuing to communicate regarding this debt and demanding payment (Exhibits <u>D</u> and <u>E</u>), Defendant Crown violated § 1692c(c) of the FDCPA.

21.     Defendant Crown's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Muriel McGuire, prays that this Court:

1.     Find that Defendant Crown's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff McGuire, and against Defendant Crown, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Muriel McGuire, demands trial by jury.

Muriel McGuire,<br>
By: /s/ David J. Philipps____<br>
One of Plaintiff's Attorneys

Dated:  June 29, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com